

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2006

# USA v. Ricciotti

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1863

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ricciotti" (2006). *2006 Decisions.* Paper 1449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-1863

————

UNITED STATES OF AMERICA

v.

VINCENT J. RICCIOTTI
*Appellant*

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00553-8)
District Judge: Honorable Jose L. Linares

————

Submitted Under Third Circuit LAR 34.1(a)
February 27, 2006

Before: SLOVITER, FUENTES, and BECKER, *Circuit Judges.*

(Filed March 13, 2006)

————

OPINION

————

BECKER, *Circuit Judge.*

This appeal by Vincent J. Ricciotti from a judgment in a criminal case entered pursuant to a guilty plea arises from the events of September 17, 2000, when Ricciotti smuggled approximately 10,000 pills of ecstasy into the United States from Italy. Ricciotti was traveling with two other couriers, and the total amount of ecstasy smuggled into the United States by Ricciotti and his two co-conspirators was approximately 35,000 pills. Ricciotti was not arrested for about three years from the date of the offense, during which he was gainfully employed. He had lived an essentially law abiding life but for this incident.

Ricciotti's challenge on appeal relates solely to his sentence of 23 months imprisonment, which was seven months below the minimum of his advisory guideline range. One of his co-defendants Raymond Raiani, made three times the number of smuggling trips as Ricciotti, stayed involved in the operation over the course of a year, and was held accountable for more than three times the number of ecstasy tablets as Ricciotti, but his 30 month sentence is only seven months longer than the sentence Ricciotti received. Ricciotti submits that this is grossly disparate.

The government first argues that we lack jurisdiction to review any aspect of Ricciotti's sentence because the sentence falls below the guidelines range. This argument, however, is foreclosed by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and our recent decision in *United States v. Cooper*, __ F.3d __, 2006 U.S. App. LEXIS 3453 (3d Cir. Feb. 14, 2006). *See Booker*, 543 U.S. at 260 (stating that the Sentencing Reform Act "continues to provide for appeals from

sentencing decisions[,] irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power . . .") (citations omitted); *Cooper*, 2006 U.S. App. LEXIS 3453, at *7 ("[A] post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to [18 U.S.C.] § 3742(a)(1).") (citing *United States v. Martinez*, 434 F.3d 1318, 1320 (11th Cir. 2006)).

While Ricciotti's position is not unsympathetic, his challenges all fail on appeal. First, Ricciotti submits that the District Court should have considered only his actual conduct in determining his sentence. We find no error. *Booker*, 543 U.S. at 258-260, does not alter the notion that a defendant's sentence may be based on relevant conduct (i.e., conduct other than his own). *See United States v. Lister*, 432 F.3d 754, 761 (7th Cir. 2005); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005).

Finally, Ricciotti contends that the District Court should not have permitted a sentencing disparity between co-defendants. We review for reasonableness. *See Booker*, 543 U.S. at 262. This is a post-*Booker* sentence. The District Court was well aware of its new responsibilities to consider the 18 U.S.C. § 3553(a) factors in addition to the guidelines, and did so. The Court considered all of defense counsel's arguments—essentially the same ones advanced here —and did everything required by *Cooper*. Our review is deferential. While we admire the zeal with which able counsel has advanced Ricciotti's arguments, we are constrained to find the sentence reasonable.

3

The judgment of the District Court will be affirmed.